**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

FABIO MALUF DOMINGOS, an individual,
ADRIANO M. HORIUTI, an individual,

                Plaintiffs,

vs.

LINDA SWACINA, District Director for the
Oakland Park Field Office of U.S. Citizenship and
Immigration Services, UR M. JADDOU, Director
of U.S. Citizenship and Immigration Services, and
ALEJANDRO MAYORKAS, Secretary of U.S.
Department of Homeland Security, U.S.
DEPARTMENT OF HOMELAND SECURITY
             Defendants.

Case No.:

## COMPLAINT FOR MANDAMUS AND DECLARATORY JUDGMENT

Plaintiffs, Fabio Maluf Domingos ("Domingos") and Adriano M. Horiuti ("Horiuti") (collectively, "Plaintiffs"), through undersigned counsel, hereby sue Defendants, Linda Swacina, Director for the Oakland Park Field Office of U.S. Citizenship and Immigration Services ("Swacina"); Ur M. Jaddou, Director, U.S. Citizenship and Immigration Services ("Jaddou"); Alejandro Mayorkas, Secretary of U.S. Department of Homeland Security ("Mayorkas"); and U.S. Department of Homeland Security ("DHS") (collectively, "Defendants"), and allege as follows:

## PRELIMINARY STATEMENT

1.    This is an action to compel Defendants and those acting under them to take all appropriate action immediately and forthwith to issue a decision on the pending Forms I-130 Immigrant Petition for Alien Relative (Spouse) and I-485, Application to Register Permanent Residency or Adjust Status, that were properly and concurrently filed by Plaintiffs and received

by U.S. Citizenship and Immigration Services ("USCIS") on **March 17, 2021**.  Plaintiffs have yet to receive a decision on their pending petitions, despite multiple inquiries over the past three (3) years.  Plaintiffs' petitions have been pending for almost 36 months and counting.  At the time of filing the petitions subject to this action (*i.e.*, 2021), the median processing time published by USCIS on its website for a family-based Form I-485 is **12.9 months** whereas the median processing time for Form I-130 for cases of U.S. citizens filing for a spouse is **10.2 months**.  *See* USCIS Historical  National Median Processing Time for all USCIS Offices for Select Forms by Fiscal Year, available at https://egov.uscis.gov/processing-times/historic-pt (last visited April 4, 2024).  Thus, Plaintiff Horiuti's I-130 petition has been pending for almost 26 months beyond normal processing times whereas Plaintiff Domingos' I-485 petition has been pending for over 24 months beyond normal processing times.   These unexplained delays are egregious and unreasonable, and Plaintiffs respectfully request that this Court compel Defendants to perform their mandatory duty and issue a decision on their long-pending petitions without further delay.

## JURISDICTION

2.      This is a civil action brought pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1361 (action to compel an officer of the United States to perform his duty), to redress the deprivation of rights, privileges, and immunities secured to Plaintiff, by which statutes jurisdiction is conferred, to compel Defendants to perform a duty that Defendants owe to Plaintiff.  Jurisdiction is further conferred by 5 U.S.C. §§ 555(b) and 704, the Administrative Procedures Act ("APA") as well as the Declaratory Judgment Act, 28 U.S.C. § 2201.

3.      Under 28 U.S.C. § 1361, "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."

4.      Section 242 of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1252, does not deprive this Court of jurisdiction. INA § 242(a)(2)(B) provides that no court shall have jurisdiction to review either (i) "any judgment regarding the granting of" various forms of relief from removal, or (ii) "any other decision or action . . . the authority for which is specified . . . to be in the discretion of the Attorney General or the Secretary of Homeland Security."  Because issuing a decision on a Form I-130 or a Form I-485 is neither a judgment regarding the granting of relief from removal nor a decision or action that is specified to be in the sole discretion of the Attorney General or the Secretary of Homeland Security, the Court retains original mandamus jurisdiction over this claim.  *See Kashkool v. Chertoff*, 553 F. Supp. 2d 1131, 1136-1139 (D. Ariz. 2008) ("Numerous district courts . . . which have addressed this specific issue overwhelmingly conclude that . . . the pace at which USCIS processes . . . applications is nondiscretionary and that [8 U.S.C. § 242(a)(2)(B)(ii)] does not bar judicial review."); *see also Liu v. Novak*, 509 F. Supp. 2d 1, 4-7 (D.D.C. 2007).  Through this Complaint, Plaintiffs are not challenging a decision on their petitions, as no decision has yet been made.  Rather, Plaintiffs seek an order compelling Defendants to take action and render a decision.  The relief sought is not discretionary but is, by definition, a mandatory duty.  *See Matter of Sealed Case¸* 1512 F.3d 1059, 1063 (D.C. Cir. 1998); *see also First Federal Savings and Loan Association of Durham v. Baker*, 860 F.2d 135, 138 (4th Cir. 1988).

5.      The APA also requires USCIS to carry out its duties within a reasonable time.  5 U.S.C. § 555(b) (providing that "[w]ith due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it").  If the agency fails to render a decision within a reasonable time, the Court has authority under 5 U.S.C. § 706(1) to compel the agency to do so.  5 U.S.C. § 706(1) (conferring power on the U.S. District Courts to compel agencies to perform "action unlawfully withheld or

unreasonably delayed"). As set forth below, the delay in rendering a decision on Plaintiffs' petition/application is unreasonable.

6.     Finally, this Court has jurisdiction over the present action pursuant to 28 U.S.C. § 2201, the Declaratory Judgment Act, to declare Defendants' failure to act on Plaintiffs Form I-130 Immigrant Petition for Alien Relative and Form I-485 Application to Register Permanent Residency or Adjust Status to be arbitrary and capricious, unconstitutional, and a violation of the INA, the federal regulations, and the APA. *See Accardi v. Shaughnessy*, 347 U.S. 260 (1954); *Peoples v. U.S. Dep't of Agric.*, 427 F.2d 561, 565 (D.C. Cir. 1970). *See also* 5 U.S.C. §§ 555(b), 706(1), 706(2).

## VENUE

7.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(e)(1)(C), because the Plaintiffs reside in the City of Fort Lauderdale, Broward County, within this federal judicial district.

## PARTIES

8.     Plaintiff Fabio Domingos Maluf is a citizen of Brazil who resides in Fort Lauderdale, Florida. Mr. Domingos is the Applicant on a Form I-485, Application to Register Permanent Residency or Adjust Status, which was filed on March 17, 2021.

9.     Plaintiff Adriano M. Horiuti is a U.S. citizen who resides in Fort Lauderdale, Florida.  Horiuti is the Petitioner on a Form I-130 Petition by U.S. citizen for Alien Relative (Spouse) for his spouse, Domingos, which was filed concurrently with his I-485 petition on March 17, 2021.

10.     Defendant Linda Swacina is the District Director for the Oakland Park Field Office of USCIS.  This suit is brought against Ms. Swacina in her official capacity, as the Oakland Park

Field Office is charged with the administration of the Immigration and Nationality Act and the adjudication of petitions by people living in the Fort Lauderdale area.

11.      Defendant Ur M. Jaddou is the Director of USCIS.  This suit is brought against Director Jaddou in her official capacity, as USCIS is the component of the DHS responsible for adjudicating Form I-130, Petition for Alien Relative, and Form I-485, Application to Register Permanent Residency or Adjust Status.

12.      Defendant Alejandro Mayorkas is the Secretary of Homeland Security.  This suit is brought against Secretary Mayorkas in his official capacity, as he is charged with overseeing the actions of DHS, including determinations on Form, I-130 Petition for Alien Relative, and Form I-485, Application to Register Permanent Residency or Adjust Status for Adjustment of Status.

## FACTS AND PROCEDURAL HISTORY

13.      On August 9, 2020 Plaintiffs got married in Miami-Dade County, Florida.

14.      On March 17, 2021 Plaintiffs concurrently filed Form I-130 (Receipt # MSC2191055571), filed by Horiuti petitioning his spouse Domingos, and Form I-485 (Receipt # MSC2191055570), filed by Domingos requesting an adjustment of status to lawful permanent resident status.

15.      At the time of filing these petitions, Horiuti was a U.S. lawful permanent resident, but upon becoming a naturalized U.S. citizen he sent correspondence to USCIS on October 18, 2022 enclosing a copy of his naturalization certificate and requesting that Form I-130 be upgraded to be as one filed by a U.S. citizen.

16.      The last action on Form I-130 was that on November 9, 2023, USCIS transferred the adjudication of this form to another USCIS office.

17.     The last action on Form I-485 was that on December 26, 2023, USCIS received a response to a Request for Evidence.

18.     Plaintiffs' petitions have now been pending for almost 36 months and counting.

**FIRST CAUSE OF ACTION**
**(Plaintiff Adriano M. Horiuti's Form I-130)**

19.     Horiuti re-alleges and incorporates by reference, as if fully set forth herein, the allegations in paragraphs 1-18 above.

20.     Horiuti's Form I-130 Petition for Alien Relative for his spouse, Domingos, has been pending for almost 36 months, which amounts to 26 months beyond median processing times and beyond Congress's preferred 180-day adjudication timeline.  *See* 8 U.S.C. § 1571 ("It is the sense of Congress that the processing of an immigration benefit application should be completed not later than 180 days after the initial filing of the application, except that a petition for a nonimmigrant visa under section 1184(c) of this title should be processed not later than 30 days after the filing of the petition.").

21.     Horiuti has submitted multiple inquiries to the relevant USCIS authorities, but Defendants have offered no reasonable explanation for their persistent delay and no indication whether a decision on the petition is imminent.

22.     Horiuti is understandably eager to receive a decision on his Form I-130 petition. The delay in adjudication impacts Horiuti's marriage and his ability to travel freely in and out of the United States with his spouse, delays the commencement of his spouse's statutorily mandated permanent residence period, 8 U.S.C. § 1186b, and postpones the date on which his spouse will be eligible to apply for naturalization to become a U.S. citizen.

23.     Consequently, Horiuti seeks to compel Defendants to make a decision on his long-pending I-130 petition without further unreasonable delay.  The relief sought is not discretionary,

but mandatory.  *See* 8 U.S.C. § 1153(b)(5)(A) ("Visas *shall* be made available … to qualified immigrants seeking to enter the United States for the purpose of engaging in a new commercial enterprise (including a limited partnership) ….") (emphasis added); *see also Northern States Power Co. v. U.S. Dep't of Energy*, 128 F.3d 754, 761 (D.C. Cir. 1997) (issuing writ of mandamus to government defendant "from excusing its own delay" in complying with a clear statutory obligation).  Horiuti does not have any alternative means to obtain a decision on his petition and his right to issuance of the writ is "clear and indisputable." *Gulfstream Aerospace Corp. v. Mayacamas Corp., 485 U.S. 271, 289 (1988); see also Matter of Sealed Case*, 151 F.3d at 1063 (holding that mandamus is an appropriate remedy whenever a party demonstrates a clear right to have an action performed by a government official who refuses to act and that no other adequate means to attain the relief exist).

24.     Horiuti has met all filing requirements for his Form I-130 petition.  He filed in a timely manner and paid the appropriate fees.  Nonetheless, due to the continued delay of Defendants, Horiuti has had to wait almost 3 years and counting for a decision on his petition.  Such an unreasonable and unexplained delay should be promptly remedied by this Court.

25.     As all administrative remedies have now been exhausted, and Horiuti and his husband are suffering continuing harm due to the Defendants' persistent delay, there exists no other adequate remedy than the filing of this mandamus complaint.  Accordingly, Horiuti respectfully urges this Court to assume jurisdiction and compel Defendants and those acting under them to render a decision on his Form I-130 petition.

## SECOND CAUSE OF ACTION
### (Plaintiff Fabio Domingos Maluf's Form I-485)

26.     Domingos re-alleges and incorporates by reference, as if fully set forth herein, the allegations in paragraphs 1-18 above.

27.     Domingos' Form I-485 Application to Register Permanent Residency or Adjust Status has been pending for almost 36 months, which amounts to over 24 months beyond median processing times and over two and half years beyond Congress's preferred 180-day adjudication timeline.  *See* 8 U.S.C. § 1571 ("It is the sense of Congress that the processing of an immigration benefit application should be completed not later than 180 days after the initial filing of the application, except that a petition for a nonimmigrant visa under section 1184(c) of this title should be processed not later than 30 days after the filing of the petition.").

28.     Domingos has submitted multiple inquiries to the relevant USCIS authorities, but Defendants have offered no reasonable explanation for their persistent delay and no indication whether a decision on the petition is imminent.

29.     Domingos is understandably eager to receive a decision on his Form I-485 application.  The delay in adjudication impacts Domingos' ability to travel freely in and out of the United States, delays the commencement of his statutorily mandated permanent residence period, 8 U.S.C. § 1186b, and postpones the date on which he will be eligible to apply for naturalization to become a U.S. citizen.

30.     Consequently, Domingos seeks to compel Defendants to make a decision on his long-pending I-485 application without further unreasonable delay.  The relief sought is not discretionary, but mandatory.  *See* 8 U.S.C. § 1153(b)(5)(A) ("Visas *shall* be made available … to qualified immigrants seeking to enter the United States for the purpose of engaging in a new commercial enterprise (including a limited partnership) ….") (emphasis added); *see also Northern States Power Co. v. U.S. Dep't of Energy*, 128 F.3d 754, 761 (D.C. Cir. 1997) (issuing writ of mandamus to government defendant "from excusing its own delay" in complying with a clear statutory obligation).  Domingos does not have any alternative means to obtain a decision on his

petition and his right to issuance of the writ is "clear and indisputable." *Gulfstream Aerospace Corp. v. Mayacamas Corp., 485 U.S. 271, 289 (1988); see also Matter of Sealed Case*, 151 F.3d at 1063 (holding that mandamus is an appropriate remedy whenever a party demonstrates a clear right to have an action performed by a government official who refuses to act and that no other adequate means to attain the relief exist).

31.     Domingos has met all filing requirements for his Form I-485 application. He filed in a timely manner and paid the appropriate filing fees.  Nonetheless, due to the continued delay of Defendants, Domingos has had to wait almost three (3) years and counting for a decision on his application.  Such an unreasonable and unexplained delay should be promptly remedied by this Court.

32.     As all administrative remedies have now been exhausted, and Domingos is suffering continuing harm due to Defendants' persistent delay, there exists no other adequate remedy than the filing of this mandamus complaint.  Accordingly, Domingos respectfully urges this Court to assume jurisdiction and compel Defendants and those acting under them to render a decision on his Form I-485 application.

## **CLAIMS**

33.     A mandamus plaintiff must demonstrate that: (i) he or she has a clear right to the relief requested; (ii) the defendant has a clear duty to perform the act in question; and (iii) no other adequate remedy is available. *Iddir v. INS*, 301 F.3d 492, 499 (7th Cir. 2002); *see also Liberty Fund, Inc. v. Chao*, 394 F. Supp. 2d 105, 113 (D.D.C. 2005).  Plaintiffs meet these criteria.

34.     *First*, Plaintiffs have a clear right to the relief requested, as he has fully complied with all the statutory and regulatory requirements for filing Forms I-130 and I-485 petitions, including the submission of all necessary initial documentation and the payment of all required

fees.  Defendants have willfully and unreasonably failed to make a decision or provide any information about the status of the petition other than that it is on extended review.  Defendants are required by regulation to make a decision on Plaintiffs' petition/application.  *See* 8 C.F.R. § 8 C.F.R. § 204.6(k) ("The petitioner will be notified of the decision ….).  Moreover, pursuant to 5 U.S.C. §§ 555(b) and 702 (APA), "[w]ith due regard for the convenience and necessity of the parties or their representatives and *within a reasonable time*, each agency shall proceed to conclude a matter presented to it." (emphasis added).

35.    *Second*, Defendants have a clear duty to act upon and make a decision on Plaintiffs' I-130 and I-485 petition/application.  This duty is owed under the INA and the federal regulations and, by charging a filing fee, Defendant USCIS has created for itself an obligation to process and adjudicate the application.  *See* INA § 286(m); 8 C.F.R. § 103.7(b)(1).  *See also Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561-62 (1992) ("When the suit is one challenging government action or inaction, [and] the plaintiff is himself an object of the action (or foregone action) at issue, . . . there is ordinarily little question that the action or inaction caused him injury, and that a judgment preventing or requiring the action will redress it."); *Manmohanjit Singh v. Still*, 470 F. Supp. 2d 1064, 1067 (N.D. Cal. 2007) (noting that regulations reflect a nondiscretionary duty to process applications for immigration benefits).

36.    Although there is no statutory deadline for rendering a decision on a Forms I-130 and I-485 applications, there is a nondiscretionary duty to take such action within a reasonable period of time.  *See* 5 U.S.C. §§ 555(b), 706(1).  Defendants have failed to perform this duty and have, in fact, far exceeded their own estimated processing times.

37.    *Third*, the Court should compel Defendants to issue a decision on Plaintiffs' long-pending petition/application, because no other adequate remedy is available to Plaintiffs.

Defendants have inexplicably and unreasonably failed to perform their clear duty to act. Despite Plaintiffs' filing of all necessary documentation, payment of all required fees, and submission of inquiries, no decision or explanation for the continued delay has been issued. Plaintiffs have now exhausted all available administrative remedies and mandamus action is appropriate. 28 U.S.C. § 1361; 28 U.S.C. § 1331.

38.     Mandamus action is also appropriate because Defendants have failed to act within a reasonable period of time. *See, e.g., Liu*, 509 F. Supp. 2d at 8-9 (holding that the APA requires the government to act within a reasonable period of time); *Saleem v. Keisler*, 520 F. Supp. 2d 1048, 1055 (W.D. Wis. 2007) (same).

39.     Generally, in determining what is "unreasonable," courts may look to a variety of factors, including any Congressional guidance on what it considers to be reasonable, internal operating procedures established by the agency, processing times in similar cases, the source of the delay, and the facts of the particular case. *See TRAC v. FCC*, 750 F.2d 70, 80 (D.C. Cir. 1984). A court need not "find any impropriety lurking behind agency lassitude in order to hold that agency action is unreasonably delayed." *Saleem*, 520 F. Supp. 2d at 1058-59. The delay in making a decision on Plaintiffs' petitions extends well beyond Congress's guideline of 180 days for immigration benefits under 8 U.S.C. § 1571. Considering all of these factors, Defendants' delay is plainly unreasonable.

40.     As Defendants have failed to carry out their mandatory duty to make a decision on Plaintiffs' Forms I-130 and I-485  petition/application, and have unreasonably delayed action for almost three years without stated justification, and as Plaintiffs have exhausted all available administrative remedies, this Court should instruct Defendants to make a decision on Plaintiffs'

petition/application without further unreasonable delay. *See* 28 U.S.C. §§ 1331, 1361; 5 U.S.C. §§ 555(b), 706(1).

41.     Defendants' delay is without justification and has forced Plaintiffs to resort to this Court for relief, and Plaintiffs are entitled to attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"). 28 U.S.C. § 2412(d)(2).

## PRAYER

**WHEREFORE**, Plaintiffs pray that this Court:

1.  Enter a declaratory judgment that Defendants' unreasonable delay violates the INA, federal regulations, and the APA, and that such delay is arbitrary and capricious;

2.  Compel Defendants and those acting under them to perform their duty to render a decision on Plaintiffs' Forms I-130 and I-485 petition/application on or before 60 days from the filing of this Complaint, or within a reasonable period of time determined by this Court;

3.  Retain jurisdiction during the adjudication of the I-130 and I-485 petitions in order to ensure compliance with the Court's orders;

4.  Grant reasonable attorney's fees and costs to Plaintiffs under the Equal Access to Justice Act; and

5.  Grant such other and further relief as this Court deems appropriate under the circumstances.

Dated: April 5, 2024                                    Respectfully submitted,

                                                        LAW OFFICES OF RODRIGO S. DA SILVA, P.A.
                                                        777 Arthur Godfrey Road, Suite 402
                                                        Miami Beach, Florida 33140
                                                        E-mail: rodrigo@rdasilvalaw.com
                                                        Telephone:     (305) 615-1434
                                                        Facsimile:     (305) 615-1435
                                                        By: /s/ *Rodrigo S. Da Silva*
                                                        Rodrigo S. Da Silva, Esq.
                                                        *Counsel for Plaintiffs Fabio Maluf*
                                                        *Domingos and Adriano M. Horiuti*